**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **NELDA DACIER,** | § § § |
| Plaintiff, | § Civil Action No.: § § |
| v. | § § |
| **DIVERSIFIED CONSULTANTS, INC.,** | § **JURY TRIAL DEMANDED** § § |
| Defendant. | § |

## **COMPLAINT**

NELDA DACIER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Driscoll, Texas 78351.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with headquarters located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, FL 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. The alleged debt arose out of transactions primarily for personal, family, or household purposes.

12. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

13. At all pertinent times hereto, Defendant was hired to collect a personal debt and attempted to collect that debt from Plaintiff.

14. Beginning in or around July 2015 and continuing through September 2015, Defendant placed repeated harassing telephone calls to Plaintiff regarding a medical debt.

15. Defendant's calls originated from the numbers including, but not limited to; (800) 771-5361. The undersigned has confirmed that this number belongs to Defendant.

16. Defendant often placed calls to Plaintiff's cellular telephone at times in which were inconvenient such as before 8:00 a.m. and after 9:00 p.m., as well as on the weekends.

17. Plaintiff told Defendant to stop calling her in August 2015.

18. However, Defendant ignored Plaintiff's requests and continued to place additional calls to her cellular telephone.

19. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place further calls.

20. After Plaintiff's requests to stop calling were ignored by Defendant, Plaintiff took necessary measures to block calls from Defendant's phone number by downloading an application on her cellular devise.

21. Upon information and belief, Defendant's actions as described herein were made with the intent to harass, deceive and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

22. A debt collector violates § 1692d of the FDCPA by engaging n conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d when it placed repeated harassing calls to Plaintiff's cellular telephone and continued to place calls to Plaintiff's cellular telephone after being advised to stop calling her.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

24. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it placed repeated telephone calls to Plaintiff's cellular phone, on average, multiple times a day.

## COUNT III
## **DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA**

26. Section 1692(c)(a)(1) prohibits a debt collector from, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, to communicate with a consumer in connection with the collection of any debt -- at any unusual time or place or a time or place known or which should be known to be inconvenient to the

consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

27. Here, Defendant violated §1692c(a)(1) of the FDCPA by contacting Plaintiff before 8:00 a.m. and after 9:00 p.m., local time.

WHEREFORE, Plaintiff, NELDA DACIER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NELDA DACIER, demands a jury trial in her case.

RESPECTFULLY SUBMITTED,

Dated: August 1, 2016          KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile (877) 788-2864
Email: aginsburg@creditlaw.com